IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARTIN ROBERSON, #03179-043**                                                      **PETITIONER**

**VS.**                                                            **CIVIL ACTION NO. 5:07-cv-116-DCB-MTP**

**CONSTANCE REESE, WARDEN**                                                         **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. On June 4, 2007, Petitioner Roberson, an inmate at the Federal Correctional Institute-Yazoo City, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Upon review of the Petition [1] and Memorandum in Support [2] filed by Petitioner, this Court has reached the following conclusions.

## Background

Petitioner was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (count 1), possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 (count 2), and use of a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count 3), by this Court in cause number 3:92cr130B. Petitioner was sentenced to serve concurrent terms of 304 months for counts 1 and 2, followed by 60 months for count 3, as well as 60 months of supervised release for all counts combined. Petitioner's convictions and sentences were affirmed by the United States Court of Appeals for the Fifth Circuit on April 15, 1994. Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 8, 1996.[1] This motion was

---

[1] Petitioner's motion was assigned cause number 3:96cv511BN.

denied by this Court on January 24, 1997, and the Fifth Circuit denied the Petitioner's request for a certificate of appealablity on June 13, 1997, cause number 97-60121.

In the case *sub judice*, Petitioner argues that this Court failed to address the merits of his claim of ineffective assistance of counsel when the Court denied his § 2255 motion. In addition, Petitioner asserts that his conviction for use of a firearm during the commission of a drug trafficking crime is invalid in light of the United States Supreme Court's decision in *United States v. Bailey*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). As a result, Petitioner claims he was sentenced to imprisonment without effective assistance of counsel and for a nonexistent weapons offense. Petitioner argues that he is entitled to be released from "his illegal confinement, conditionally or unconditionally." *Pet. [1]*, p.5.

## Analysis

A Petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack,* 218 F.3d at 451 (*quoting Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). In *Pack*, the Fifth Circuit found that "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452. Clearly, Petitioner has filed the instant § 2241 petition challenging alleged errors that occurred before his federal sentencing, which issues are not

properly pursued in a § 2241 petition. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir.1997)("section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing").

There is, however, a savings clause in § 2255 which acts as a limited exception to this general rule. The relevant portion of § 2255, with its savings clause provides, as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). Pursuant to this "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). Both prongs of the *Reyes-Requena* test must be met for a claim to benefit from the savings clause.

As stated above, Petitioner argues that the United States Supreme Court's holding in *United States v. Bailey*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), affords him relief

from his federal convictions and sentences imposed by this Court.  The decision in *Bailey* was issued on December 6, 1995, and was clearly available to Petitioner at the time he filed his first § 2255 motion on July 8, 1996.  Likewise, the Fifth Circuit has determined "merely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy," *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000)*,* nor does the inability of a Petitioner to meet the AEDPA's second or successive requirement render § 2255 inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)(citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).  Therefore, Petitioner's claims do not meet the stringent requirements of the savings clause and he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

However, since this Court is Petitioner's sentencing court and is within the district where Petitioner is confined, § 2241 actions as well as initial § 2255 motions are properly filed in this district.  *See Pack*, 218 F.3d 448 (5th Cir. 2000);   *Ojo v. I.N.S.,*106 F.3d 680 (5th Cir.1997).  As stated above, Petitioner has already litigated a § 2255 motion in this Court, civil action number 3:96cv511BN, which was denied on January 24, 1997.  A petitioner who is filing a second or successive motion for habeas relief  must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion.  28 U.S.C. § 2244(b)(3)(A).  Petitioner has failed to present any such authorization in this case.  Therefore, this Court has determined that to the extent this petition is construed as a § 2255 motion, this cause should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination whether this successive § 2255 motion should be allowed.  *See* 28 U.S.C. § 1631; *In Re Epps*, 127 F.3d 364 (5th Cir. 1997).

Conclusion

This Court does not have jurisdiction to address the constitutional issues presented by Petitioner Roberson in the form of a § 2241 petition, inasmuch as these matters involve the validity of his convictions and sentences and are the proper subject for a § 2255 motion. As such, the Petitioner's claims pursuant to § 2241 shall be dismissed as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be transferred to the United States Court of Appeals for the Fifth Circuit for a determination whether this successive § 2255 motion should be allowed. *See Ojo v. I.N.S.,* 106 F.3d 680, 683 (5th Cir.1997); *In Re Epps*, 127 F.3d 364 (5th Cir. 1997). Accordingly, it is hereby,

ORDERED that this petition for habeas corpus relief be, and the same hereby is, transferred to the United States Court of Appeals for the Fifth Circuit.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit

SO ORDERED, this the   18th   day of  September, 2007.

                 s/ David Bramlette
                 UNITED STATES DISTRICT JUDGE